Battle, J.
 

 The bill seeks to convert the defendant, who claims the land in controversy as his own under an absolute deed to himself, into a trustee for the plaintiffs, upon the allegations that he purchased it for them under a promise to let them have it when they should repay him the purchase money; and that by representing to bidders at the sale that he was so purchasing, he got the land at an under value, and then refused to perform his contract. Several objections have been urged against the right of the plaintiffs to recover — of which it is necessary for us to notice one only, which is decisive against them. We have heretofore said in several cases, all of which are referred to in Clement vs. Clement decided at this Term, (ante, 184,) that to correct a deed absolute on its face and to hold it as only a security for a debt, or to convert a purchaser who takes an absolute deed to himself into a trustee for another, it must be alleged and proved that the clause of redemption or the declaration of trust, was omitted by, reason of ignorance, mistake, fraud or undue advantage ; and the intention must
 
 *195
 
 be established, not merely by proof of declarations, but by proof of facts and circumstances
 
 dehors the deed
 
 inconsistent with the idea of an absolute purchase. Here the only circumstances relied upon of the latter character, are the inadequacy of price and the possession of the land by the plaintiffs. As to the inadequacy of price there is some discrepancy in the testimony ; but if there were not, and it were fully established it would not be of itself sufficient. The argument derived from the other circumstance the possession of the land by the plaintiffs, is deprived of all its force by the admitted fact that the plaintiffs paid one third of the produce as rent. It is true they say it was paid in lieu of interest on the purchase money: but unfortunately for them, it leaves their case dependent for support solely upon the declarations of the defendant. This case very much resembles; in its prominent features that of Brown v. Carson Busb. Eq. Rep. 212 and must be disposed of in the same way the bill must be dismissed with costs.
 

 Decree accordingly.